## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **MATTHEW SHANE VAUGHAN,** | ) | **CASE NO. 7:14CV00517** |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| **PAGE COUNTY SHERIFF'S** | ) | |
| **DEPARTMENT,** *ET AL.,* | ) | **By: Norman K. Moon** |
| | ) | **United States District Judge** |
| **Defendant(s).** | ) | |

Matthew Shane Vaughan, a convicted Virginia inmate proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983, alleging that he was injured when a Page County Sheriff's Department van in which he was riding collided with a security gate. Vaughan sues the Sheriff's Department, County of Page, Sheriff Thomas, and Deputy Taylor. "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity[,]" and "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted. . . ." 28 U.S.C. § 1915A(a)-(b)(1). Upon review of Vaughn's complaint, I conclude that he has stated no factual basis for a § 1983 claim and, therefore, will dismiss this case without prejudice.

### I.

Vaughn alleges that after a court proceeding on August 20, 2014, Page County Deputy Taylor "overloaded" the department's van with inmates restrained in shackles and handcuffs to transport them back to the Middle River Regional Jail ("MRRJ"). Vaughn contends that Taylor drove "wrecklessly/irresponsibly" when he tried to drive under a security gate after another vehicle had driven under it, despite "warning signs permitting only one vehicle at a time." The

1

gate came down after the first vehicle drove through. Taylor slammed on the brakes, but the van crashed into the gate. Vaughn, who was restrained and not wearing a seatbelt, was thrown out of his seat and slammed into another inmate.[1] At the advice of jail officials, Vaughan filed this lawsuit to recover monetary damages from the Sheriff's Department for Taylor's negligence.[2]

## II.

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Vaughan fails to carry this burden because his allegations do not state a constitutional claim against anyone. While a county may be subject to suit under § 1983, liability will lie against such a defendant only if plaintiff demonstrates that the alleged violation of his constitutional rights bore some relation to the policies for which the defendant had responsibility. *Dotson v. Chester*, 937 F.2d 920, 924 (4th Cir. 1991); *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690 (1978). Similarly, absent personal involvement in an alleged constitutional violation, a supervisory official cannot be found liable under § 1983 for that violation. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (finding that "liability will

---

[1] At MRRJ, after the incident, a nurse allegedly told Vaughan that he "may have severe whiplash, knee [and] head injury and a damaged siatic [sic] nerve in [his] lower back." A doctor examined Vaughn on September 9, 2014, took an x-ray of his neck, and told him that nothing was wrong. Vaughan has continued to experience pain in his lower back, however.

[2] Vaughan has also filed submissions that the court construed as amendments (Docket Nos. 5 & 11). In addition to providing additional details about Vaughan's injuries, these submissions appear to seek injunctive relief regarding allegedly inadequate medical care and access to legal materials at MRRJ. Such claims are not appropriately raised in this action, as the individuals involved in these alleged violations of Vaughan's rights are not defendants in the case. In any event, because the record reflects that Vaughan has been transferred to another detention facility, any claims for injunctive relief from the defendants or individuals at MRRJ must be dismissed as moot. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (prisoner's transfer rendered moot his claims for injunctive and declaratory relief).

only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights [because t]he doctrine of respondeat superior has no application" under § 1983) (internal citations omitted).  Here, Vaughan has failed to allege facts indicating that Taylor's challenged actions bore any relationship to a policy or practice imposed or condoned by Page county, the sheriff, or anyone in the sheriff's department.  Accordingly, his complaint fails to state any actionable § 1983 claim against these defendants.

For different reasons, Vaughan's complaint also states no constitutional claim against Taylor himself for his driving.  The Eighth Amendment protects prisoners from cruel and unusual living conditions.  *Rhodes v. Chapman*, 452 U.S. 337 (1981).  To state such a claim, plaintiff must first, objectively, show that he suffered a serious injury from the unsafe condition. *Strickler v. Waters*, 989 F.2d 1375, 1380-1381 (4th Cir. 1993).  Second, he must show that defendant, subjectively, acted with deliberate indifference – that defendant knew a particular action or condition presented a substantial risk of serious harm and nevertheless failed to take "reasonable measures" to alleviate that risk.  *Farmer v. Brennan*, 511 U.S. 825, 835-37 (1994). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not . . . [cannot] be condemned as the infliction of punishment."  *Id.* at 838.  An official's merely negligent action is not sufficient to give rise to a constitutional claim and, accordingly, is not actionable under § 1983.  *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections).

I will assume for purposes of this opinion that Vaughan suffered serious or significant physical injuries from the van accident, thereby satisfying the injury facet of the Eighth

3

Amendment analysis.  I cannot conclude, however, that his allegations support a finding of deliberate indifference against Taylor.

Vaughan first complains that Taylor transported him without a seatbelt and asserts that this omission constitutes deliberate indifference to a substantial risk of harm.  I cannot agree.  Multiple courts have held that transporting inmates "without a seatbelt does not, standing alone, give rise to a constitutional claim."  *Jabbar v. Fischer*, 683 F.3d 54, 57-58 (2d Cir. 2012); *Smith v. Sec. for Dept. of Corrections.*, 252 F. App'x 301, 303-04 (11th Cir. 2007) (per curiam).  Moreover, "because the absence of seatbelts on inmate bus transport is itself not an excessive risk . . . 'deliberate indifference'—that is, that defendants knew of, and disregarded, an excessive risk to inmate safety — cannot be plausibly alleged."  *Id.* (citing *Farmer*, 511 U.S. at 837).  Finding this precedent persuasive, I conclude that Taylor's failure to provide Vaughan with a seatbelt did not constitute deliberate indifference.  Indeed, Vaughan does not state facts suggesting that Taylor refused him a seatbelt with any intent to punish him.

I also conclude that even considered jointly with denial of seatbelts, Taylor's alleged failure to comply with traffic signs also does not support any claim of constitutional significance.  At most, Vaughan's complaint alleges that Taylor did not exercise due care to conform his driving behavior to the warnings on the signage at the security gate in the moments after seeing that signage.  Such allegations of mere negligence are not actionable under § 1983.  *See, e.g., Vinson v. U.S. Marshals Serv.*, C/A No. 0:10-79-RMG, 2011 WL 3903199 (D.S.C. Sept. 2, 2011) (finding failure to seatbelt prisoners, combined with speeding or reckless driving, is still mere negligence and not constitutional violation) (citing *Young v. Michigan Dept. of Corrs.*, No. 04-10309, 2007 WL 2214520, at * 6 (E.D. Mich. July 27, 2007) ("Refusing to seat belt a prisoner during transport and then exceeding the speed limit does not constitute an 'excessive

4

risk to inmate health or safety.'") (quoting *Farmer*, 511 U.S. at 837); *Jones v. Collins*, Civil No. 05-663-JPG, 2006 WL 1528882, at *2 (S.D. Ill. June 1, 2006) (stating that allegations of "reckless driving or the failure to fasten seatbelt . . . present, at best, claims of negligence, but a defendant can never be held liable under § 1983 for negligence")).

III.

For the reasons stated, I conclude that Vaughan's submissions do not state any claim of constitutional significance actionable under § 1983.[3]  Therefore, I will dismiss the complaint without prejudice, pursuant to § 1915A(b)(1).

ENTER:  This  _28th_ day of April, 2015.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[3]  I will also dismiss without prejudice any state law claim Vaughan may be attempting to raise in this case. Section 1983 was intended to protect only federal rights guaranteed by federal law and not to vindicate tort claims for which there are adequate remedies under state law.  *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). Vaughan's state law claims are thus not independently actionable under § 1983, and I decline to exercise supplemental jurisdiction over them.  *See* 28 U.S.C. § 1367(c).

5